# EXHIBIT A

| STATEMENT OF DAMAGES G.L. c. 218, § 19A (a) | Docket No.: 0920CV184 Division: Newburyport District Court | Trial Court of Massachusetts District Court Department  |
|---|---|---|
| Plaintiff(s) Donna Pedrone | | Defendant(s) Citibank (South Dakota), N.A. |

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

### TORT CLAIMS | AMOUNT

A. Documented medical expenses to date:
  1. Total hospital expenses: $_____
  2. Total doctor expenses: $_____
  3. Total chiropractic expenses: $_____
  4. Total physical therapy expenses: $_____
  5. Total other expenses (Describe): _____ $_____
B. **SUBTOTAL for lines 1-5 above:** $_____
C. Documented lost wages and compensation to date: $_____
D. Documented property damages to date: $_____
E. Reasonable anticipated future medical and hospital expenses: $_____
F. Reasonably anticipated lost wages: $_____
G. Other documented items of damage (Describe): _____ $_____

For this form, disregard double or treble damage claims, indicate single damages only.

**TOTAL TORT CLAIMS for lines B-G above:** $_____

H. Brief description of Plaintiff's injury, including nature and extent of injury (Describe): _____

### CONTRACT CLAIMS | AMOUNT

Provide a detailed description of claim(s): Defendant without basis breached contract, charged plaintiff unfair/deceptive fees/interest, failed to credit her account or investigate/respond to disputes, defamed her and violated G.L. 93A subjecting defendant to treble damages.

$ 1,865.11
$ 22,000.00
$ _____

For this form, disregard double or treble damage claims; indicate single damages only.

**TOTAL CONTRACT CLAIMS:** $ 24,865.11

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF): | DEFENDANT'S NAME AND ADDRESS & PHONE: |
|---|---|
| Signature: Donna Pedrone | Citibank (South Dakota), N.A. |
| Type Name: Donna Pedrone | 701 East 60th Street North |
| Address: 8 CCC Road Salisbury, MA 01952 | Sioux Falls, SD 57117 |
| Phone: (978) 499-2249 | |
| B.B.O.#: | |
| Date: 3-13-2009 | |

08/06

RECEIVED

COMMONWEALTH OF MASSACHUSETTS

09 ... 13 PM 12:05

ESSEX, SS.                                    NEWBURYPORT DISTRICT COURT
                                              CIVIL ACTION
                                              NO. 0922CV184

|  |  |
|---|---|
| DONNA PEDRONE ) | |
| ) | |
| Plaintiff ) | |
| ) | **COMPLAINT** |
| VS. ) | |
| ) | |
| CITIBANK (SOUTH DAKOTA), N.A. ) | |
| ) | |
| Defendant ) | |

### The Parties

1. The plaintiff, Donna Pedrone, resides at 8 CCC Road, Salisbury, Essex County, Massachusetts.

2. The defendant, Citibank (South Dakota), N.A., is a national bank doing business in the state of Massachusetts with its principal place of business located at 701 East 60th Street North, Sioux Falls, SD 57117.

3. Kendall Stork is the President and CEO of Citibank (South Dakota), N.A and a designated officer for service with a business address of 701 East 60th Street North, Sioux Falls, SD 57117.

### Factual Background

4. The plaintiff obtained a credit card in January of 2002, through the defendant.

5. In July of 2006, the plaintiff enlisted the help of Clearpoint Financial, which is a non-profit debt management organization to negotiate payment plans and make payments on her behalf.

6. On or about August 5, 2006, the defendant notified the plaintiff in writing that the debt management proposal was accepted. The contract indicated that the APR shall be 9.9% and that late fees would not be charged. It further stated that the program would be terminated if two consecutive installments were not received.

7. The plaintiff made all 26 monthly payments until October of 2007, when a single payment was missed.

8. In violation of the terms of the written agreement, the defendant immediately raised the APR and began charging late fees, beginning on the November 2007 bill and continuing to this day.

9. The plaintiff contacted the defendant to attempt to resolve the dispute and requested to make up the late payment, but she was informed that the defendant would not work with her directly because she was working with a debt management company. The defendant advised the plaintiff to contact her debt management company, Clearpoint, and have them contact the defendant.

10. The defendant sent a second agreement in December of 2007 to resume the debt management program. The defendant later "voided" the second agreement after 1 month.

11. Between the middle of February 2008 through the end of July 2008 the defendant telephoned the plaintiff with more than 10 phone calls every day. Each time the plaintiff spoke to representatives for the defendant she was informed they couldn't work with her directly and that she needed to have her debt management company contact them. The defendant refused to contact the debt management company directly and refused the plaintiff's offer to set up a 3-way call with all parties. The defendant informed the plaintiff that they were unable to stop the computer generated phone calls.

12. The defendant did not work cooperatively with Clearpoint to resolve the dispute and has continued to ignore communications from the plaintiff.

13. On July 30, 2008 the plaintiff sent a written dispute via certified mail to the defendant and made a demand for settlement. To date the defendant has not investigated or responded.

14. The plaintiff canceled her contract with Clearpoint in relation to payments to the defendant in August of, 2008 and began making direct monthly payments to the defendant, but the defendant continued to refuse contact with the plaintiff.

15. On August 13, 2008 the plaintiff made a $100 payment from her checking account to the defendant in addition to her scheduled monthly payment. Although this payment was received by the defendant they failed to credit the payment to her account.

16. On October 30, 2008 the plaintiff sent another written dispute to the defendant demanding that her account be credited for the $100 payment made plus interest and demanding settlement. To date the defendant has not investigated or responded to the plaintiff's written dispute.

17. On November 8, 2008 the plaintiff filed a complaint with the Office of the Attorney General to seek assistance in resolving her dispute with the defendant. On November 17,

2008 the Office of the Attorney General informed the plaintiff that her case had been forwarded to Haverhill Community Action, Inc as the Local Consumer Program (LCP) in her area for mediation. On February 24, 2009 Laurie (978-373-1971 x236), the Program Coordinator for Haverhill Community Action, contacted the plaintiff to inform her that the defendant had not responded to their 3 written requests. She indicated that they would be unable to assist due to lack of cooperation from the defendant.

18. The defendant breached the agreement dated August 5, 2006 by accelerating the credit account by making demand for immediate full payment

19. Although the plaintiff has continued to make the agreed upon payment every month, the defendant has continued to report the plaintiff as being in default to the 3 major credit bureaus and increased her interest, penalties and payment amount without a good faith basis.

20. The defendant failed to inform the 3 major credit bureaus that this delinquency is in dispute in spite of receiving 3 written disputes from the plaintiff and 3 written communications from the Local Consumer Program (LCP), assigned by the Office of the Attorney General regarding this dispute.

21. At all times relevant hereto, the defendant was engaged in trade and/or commerce.

### Count I – Breach of Contract

22. The plaintiff repeats and re-alleges paragraphs 1 through 21 as if fully stated herein.

23. The plaintiff and the defendant entered into a contract on or about August 5, 2006. The terms of the contract indicated that the APR shall be 9.9% and that late fees would not be charged. The contract further stated that the program would be terminated if two consecutive installments were not received.

24. The defendant knew or should have known that the terms of the agreement terminated only if two consecutive installments were not received.

25. The defendant willfully and/or negligently breached the contract by raising the APR and charging late fees, beginning on the November 2007 bill and continuing to the present.

26. The defendant refused the plaintiff's good faith efforts to discuss or resolve this dispute.

27. The defendant breached the agreement dated August 5, 2006 by accelerating the credit account by making demand for immediate full payment.

28. The defendant knew or should have known that it was without justification or a reasonable basis to breach their agreement.

29. The defendant knew or should have known that it was without justification or a reasonable basis to keep the plaintiff in default for months on end, breaching their agreement.

30. As a result of the defendant breaching the agreement, the plaintiff has been charged an excess of one thousand eight hundred and sixty-five dollars and 11 cents ($1,865.11) by the defendant, and suffered significant and serious harm to her credit and good name.

### Count II – Breach of Contract of Implied Covenant of Good Faith and Fair Dealing

31. The plaintiff repeats and re-alleges paragraphs 1 through 30 as if fully stated herein.

32. The plaintiff had a reasonable expectation that the defendant would deal with her fairly and reasonably during the time the contract was controlling the parties' obligations.

33. The defendant violated the implied covenant of good faith and fair dealing in the manner in which the defendant has handled its rights and responsibilities of the parties under the contract, seriously impinging upon the rights granted to the plaintiff by the terms of the contract.

34. As a result of the defendant taking advantage of its rights under the contract between the parties, it has seriously and permanently injured the plaintiff insofar as the plaintiff was caused to pay an excess of one thousand eight hundred and sixty-five dollars and 11 cents ($1,865.11) to the defendant, and serious harm to her credit and good name.

### Count III – Defamation, Financial Injury

35. The plaintiff repeats and re-alleges paragraphs 1 through 34 as if fully stated herein.

36. Despite the plaintiff's good faith payment efforts, the defendant wrongfully violated the payment agreement with the plaintiff, increasing her interest, penalties and payment amount without a good faith basis.

37. The defendant knew or should have known that it was without justification or a reasonable basis to breach their agreement.

38. The defendant has misstated the plaintiff's account balance on her credit reports as a result of unjust interest and penalties, as well as a failure to credit a payment made by the plaintiff to her account.

39. The defendant has continued to report the plaintiff as being delinquent to the 3 major credit bureaus in spite of her good faith payment efforts.

40. The defendant failed to inform the 3 major credit bureaus that this delinquency is in dispute in spite of receiving 3 written disputes from the plaintiff and 3 written

communications from the Local Consumer Program (LCP), assigned by the Office of the Attorney General regarding this dispute.

41. As a result of these actions, the plaintiff has been charged an excess of one thousand eight hundred and sixty-five dollars and 11 cents ($1,865.11) by the defendant, and suffered significant and serious harm to her credit and good name.

### Count IV – Violation of the Fair Credit Billing Act

42. The plaintiff repeats and re-alleges paragraphs 1 through 41 as if fully stated herein.

43. The defendant breached the agreement dated August 5, 2006 by placing the plaintiff's account into default and increasing her interest, penalties and payment amount without a good faith basis.

44. Between the middle of February 2008 through the end of July 2008 the defendant caused the plaintiff's telephone to ring more than 10 times per day and engaged the plaintiff in telephone conversation repeatedly and/or continuously with intent to annoy, abuse, or harass.

45. In spite of the many calls made by the defendant, the defendant refused to discuss the account with the plaintiff and refused reasonable attempts to bring the account into good standing.

46. The defendant failed to investigate or provide any response to the plaintiff's written dispute dated July 30, 2008.

47. The defendant failed to credit the plaintiff's account for a payment in the amount of $100 received on August 13, 2008.

48. The defendant failed to investigate or provide any response to the plaintiff's written dispute dated October 30, 2008

49. The defendant failed to investigate or provide any response to the plaintiff's written complaint filed with the Office of the Attorney General and dated November 8, 2008.

50. The defendant failed to investigate or provide any response to the 3 written communications sent to them by her Local Consumer Program (LCP), assigned by the Office of the Attorney General regarding this dispute, in an attempt to resolve this dispute.

51. The defendant knew or should have known that it was without justification or a reasonable basis to place the plaintiff's account into default and breach their agreement.

52. As a result of these actions, the plaintiff has been charged an excess of one thousand eight hundred and sixty-five dollars and 11 cents ($1,865.11) by the defendant, and suffered significant and serious harm to her credit and good name.

### Count V – Violation of the Fair Credit Reporting Act

53. The plaintiff repeats and re-alleges paragraphs 1 through 52 as if fully stated herein.

54. The defendant breached the agreement dated August 5, 2006 by increasing her interest, penalties and payment amount without a good faith basis and by placing the plaintiff's account into default.

55. The defendant failed to investigate or provide any response to the plaintiff's written dispute dated July 30, 2008.

56. The defendant failed to report the plaintiff's account as a disputed account to the 3 major credit bureaus after receiving the plaintiff's written dispute dated July 30, 2008.

57. The defendant misstated the plaintiff's account balance on her credit reports as a result of unjust interest and penalties and failure and by placing the plaintiff's account into default.

58. The defendant failed to credit the plaintiff's account for a payment in the amount of $100 received on August 13, 2008.

59. The defendant failed to investigate or provide any response to the plaintiff's written dispute dated October 30, 2008.

60. The defendant failed to report the plaintiff's account as a disputed account to the 3 major credit bureaus after receiving the plaintiff's written dispute dated October 30, 2008.

61. The defendant misstated the plaintiff's account balance on her credit reports as a result of failing to credit the plaintiff's account for a payment in the amount of $100 received on August 13, 2008.

62. The defendant failed to provide any response to the plaintiff's written complaint filed with the Office of the Attorney General dated November 8, 2008 and failed to report this as a disputed account to the credit bureaus.

63. The defendant failed to report the plaintiff's account as a disputed account to the 3 major credit bureaus after receiving the plaintiff's complaint filed with the Office of the Attorney General dated November 8, 2008.

64. The defendant failed to respond to 3 written communications from the plaintiffs Local Consumer Program (LCP), assigned by the Office of the Attorney General regarding this dispute.

65. The defendant failed to report the plaintiff's account as a disputed account to the 3 major credit bureaus after receiving the 3 written communications from the plaintiffs Local Consumer Program (LCP), assigned by the Office of the Attorney General regarding this dispute.

66. The defendant knew or should have known that it was without justification or a reasonable basis to place the plaintiff's account into default, breach their agreement, and report the account inaccurately on her credit report.

67. As a result of these actions, the plaintiff has been charged an excess of one thousand eight hundred and sixty-five dollars and 11 cents ($1,865.11) by the defendant, and suffered significant and serious harm to her credit and good name.

### Count VI – Violation of Massachusetts Debt Collection Regulations

68. The plaintiff repeats and re-alleges paragraphs 1 through 67 as if fully stated herein.

69. The defendant breached the agreement dated August 5, 2006 by increasing her interest, penalties and payment amount without a good faith basis.

70. Between the middle of February 2008 through the end of July 2008 the defendant telephoned the plaintiff with more than 10 phone calls every day, engaging the plaintiff in telephone conversation repeatedly and/or continuously with intent to annoy, abuse, or harass.

71. The defendant failed to investigate or provide any response to the plaintiff's written dispute dated July 30, 2008.

72. The defendant failed to report the plaintiff's account as a disputed account to the 3 major credit bureaus after receiving the plaintiff's written dispute dated July 30, 2008.

73. The defendant misstated the plaintiff's account balance on her credit reports as a result of unjust interest and penalties and failure and by placing the plaintiff's account into default.

74. The defendant failed to credit the plaintiff's account for a payment in the amount of $100 received on August 13, 2008.

75. The defendant failed to investigate or provide any response to the plaintiff's written dispute dated October 30, 2008.

76. The defendant failed to report the plaintiff's account as a disputed account to the 3 major credit bureaus after receiving the plaintiff's written dispute dated October 30, 2008.

77. The defendant misstated the plaintiff's account balance on her credit reports as a result of failing to credit the plaintiff's account for a payment in the amount of $100 received on August 13, 2008.

78. The defendant failed to provide any response to the plaintiff's written complaint filed with the Office of the Attorney General dated November 8, 2008.

79. The defendant failed to report the plaintiff's account as a disputed account to the 3 major credit bureaus after receiving the plaintiff's complaint filed with the Office of the Attorney General dated November 8, 2008.

80. The defendant failed to respond to 3 written communications from the plaintiffs Local Consumer Program (LCP), assigned by the Office of the Attorney General regarding this dispute.

81. The defendant failed to report the plaintiff's account as a disputed account to the 3 major credit bureaus after receiving the 3 written communications from the plaintiffs Local Consumer Program (LCP), assigned by the Office of the Attorney General regarding this dispute.

82. The defendant breached the agreement dated August 5, 2006 by accelerating payment of her account and placing the plaintiff's account into default.

83. The defendant knew or should have known that it was without justification or a reasonable basis to report the account inaccurately on her credit report.

84. The defendant knew or should have known that it was without justification or a reasonable basis to place the plaintiff's account into default, and breach their agreement.

85. As a result of these actions, the plaintiff has been charged an excess of one thousand eight hundred and sixty-five dollars and 11 cents ($1,865.11) by the defendant, and suffered significant and serious harm to her credit and good name.

### Count VII- Violation of G. L. c. 93A

86. The plaintiff repeats and re-alleges paragraphs 1 through 85 as if fully stated herein.

87. The failure of the defendant to honor their contract with the plaintiff, together with the defendant's refusal respond to the plaintiff's written disputes, the defendant's failure to credit amounts paid to the plaintiff's account and the defendant's negative reporting on the plaintiff's credit report are unfair and deceptive acts and constitute a clear violation of G.L. c. 93A.

88. The failure of the defendant to respond to the plaintiff's dispute, together with the defendant's refusal to work directly with the plaintiff is unethical and unconscionable and caused substantial injury to the plaintiff.

89. In dealing with the plaintiff the defendant refused to remediate the matter.

90. In dealing with the plaintiff the defendant violated the implied covenant of good faith and fair dealing.

91. In dealing with the plaintiff the defendant's actions described herein were performed knowingly and willingly.

92. The defendant failed to provide any response to the plaintiff's written dispute dated July 30, 2008, a written demand for relief pursuant to G.L. c. 93A, sec. 9 identifying the claims and reasonably describing their unfair acts or practices relied upon and the injuries suffered by the plaintiff. The refusal to respond done in bad faith.

93. The defendant failed to credit the plaintiff's account for a $100 payment received on August 13, 2008.

94. The defendant failed to provide any response to the plaintiff's written dispute dated October 30, 2008, a written demand for relief pursuant to G.L. c. 93A, sec. 9 identifying the claims and reasonably describing their unfair acts or practices relied upon and the injuries suffered by the plaintiff. The refusal to respond done in bad faith.

95. The defendant failed to provide any response to the plaintiff's written complaint dated November 8, 2008, a complaint filed with the Office of the Attorney General.

96. As a result of these actions, the plaintiff has been charged an excess of one thousand eight hundred and sixty-five dollars and 11 cents ($1,865.11) by the defendant, and suffered significant and serious harm to her credit and good name.

WHEREFORE, the plaintiff, Donna Pedrone, respectfully request that this Honorable Court:

1. Enter Judgment for them against the defendant,
2. Award Damages to the plaintiff in an amount determined by the Court,
3. Treble such amount as provided by G.L. c. 93A, sec 9(3),
4. Award interest, costs and court fees to the plaintiff; and ,
5. Award such other relief as this Court deems just and proper.

Respectfully Submitted,
The Plaintiff,

_Donna Pedrone_
Donna Pedrone
8 CCC Road
Salisbury, MA 01952
(978) 499-2249

# citi

CITI CARDS
P.O. BOX 91778
ALBUQUERQUE, NM 87199-0000

August 5, 2006

41013 0000292 001
DONNA M PEDRONE
8 CCC RD
SALISBURY MA 01952-2619

MASTERCARD
ACCOUNT NUMBER
5424180336542060

Dear Donna M Pedrone:

We have received a debt management proposal from your debt-counseling agency to amend some of the terms of your existing card agreement. The proposal is accepted and the following amended terms apply while on the debt management program:

- Each monthly installment will represent a fixed amount equal to the greater of 1/48 of $4,740.13, the balance due when the debt management proposal is accepted, or $20.
- The Annual Percentage Rate (APR) for finance charges imposed on the entire unpaid balance shall be 9.9% during the time you are on the program.
- Late payment fees and over limit fees will not be imposed during the time you are on the program.

You must terminate any credit insurance or debt cancellation agreements and/or withdraw any request to not receive collection calls from Citi Cards or you will be removed from the program.

The terms of your card agreement not amended above shall remain in full force and effect. The amended terms will not go into effect unless the first installment payment is paid within thirty (30) days after the date of this letter. If at any time two consecutive installments are not received by the due date the terms of amendment will be revoked, the program will be terminated and the terms of your card agreement in effect immediately prior to this amendment shall be reinstated. Please be aware of the amended terms set out herein are not honored as required, immediate payment of the total balance may be demanded.

While on this program your charging privileges will be suspended. In addition, if you leave the program for any reason such as early termination or successful completion of the program, such information will be reported to credit bureaus.

Sincerely,

T. Wingfield
Vice President
Citicorp Credit Services, Inc. (USA)

FEDERAL REGULATIONS REQUIRE THE STATEMENT PRINTED ON THE REVERSE SIDE.

682-2036-0205F

A member of citigroup

SYSTEMB   8610

Federal regulations require us to print the following statement:

NOTICE: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applications on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning Citibank (South Dakota), N.A. is the Office of the Comptroller of the Currency, Customer Assistance Unit, 1301 McKinney Ave., Suite 3450, Houston, Texas 77010-9050.

If the letter on the reverse side requests you to pay amounts you owe on a delinquent account, please read the following notices:

The purpose of this communication is to collect a debt and all information obtained will be used for that purpose.

Information for Massachusetts Residents:
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only 10 days unless you provide written confirmation of the request postmarked or delivered within 7 days of such request. You may terminate this request by writing to the Creditor.

Information for Colorado Residents:
If you notify us in writing to cease contacting you by telephone at your place of employment, no further contact shall be made. If you refuse to pay the debt or you want us to cease further communication and you so advise us in writing, we shall not communicate further with you except: (1) to advise you we intend to invoke specified remedies permitted by law or that we may invoke specified remedies which we ordinarily invoke; or (2) to advise you our efforts are being terminated.

Information for California Residents:
The State Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact The Federal Trade Commission at 1-877-ftc-help (1-877-382-4357) or www.ftc.gov.

Received via Process Server 3/24/09 tp

RECEIVED CSSD
MAR 2 0 2009
OFFICE OF THE GENERAL COUNSEL

**_The attached legal documents were personally served at Citibank (South Dakota), N.A._**

**Served by:**

| | | | |
|---|---|---|---|
| ☒ | Minnehaha County Sheriff's Office | ☐ | Constables Office |
| ☐ | Sioux Falls Police Dept. | ☐ | States Attorney Office<br>☐ Mark here if you signed a waiver to attend a hearing |
| ☐ | JW Services | | |
| ☐ | Action Process Serving | ☐ | DEA |
| ☐ | Action Professional Service | ☐ | FBI |
| ☐ | Aero Professional Document Services | ☐ | IRS |
| ☐ | Dennis Barabas Investigations | ☐ | US Customs |
| ☐ | Express Attorney Service | ☐ | US Secret Service |
| ☐ | US Marshal's Office | ☐ | Quality Attorney Services |

Process Server Name: ___Darrel___

**Served on:**

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ | Cathy Hoben | ☐ | Gina Steineke | ☐ | Kelly Umstott |
| ☐ | Tanya Harder | ☐ | Teresa Willson | ☐ | Peggy Plagman |
| ☐ | | ☒ | Bev Fenton | ☐ | Dave Zimbeck |
| ☐ | Louise Sandoval | ☐ | Shannon Johnson | ☐ | Jeff Gednalske |
| ☐ | Eric Rasmussen | ☐ | Darla Cape | ☐ | Lauren Nadolski |
| ☐ | Tammy Powell | ☐ | David Richter | ☐ | Tami Odegaard |
| ☐ | Karla Hein | | | | |

Date Served ___3/20/09___

March 17, 2009

Kendall Stork, President/CEO
CitiBank (South Dakota), N.A.
701 East 60th Street North
Sioux Falls, SD 57104

Re:   DONNA PEDRONE v. CITIBANK (SOUTH DAKOTA), N.A.
      Civil Action No. 0922CV184
      Citi Card Account #5424 1803 3654 2060

Dear Mr. Stork,

   Please find enclosed my Complaint and Statement of Damages, together with the Summons in the above entitled matter. I am also enclosing the contract dated August 5, 2006 relied upon for the Breach of Contract.

   Please feel free to contact me with any questions or concerns you may have regarding this matter.

Sincerely,

*Donna Pedrone*

Donna Pedrone
8 CCC Road
Salisbury, MA 01952
(978) 499-2249